

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | FILED |
| | : | SCRANTON |
| v. | : | |
| | : | SEP 27 2002 |
| | : 1:CV-00-0869 | |
| | : | PER _____ |
| EUGENE M. EBERLY, | : (Kane, J.) | DEPUTY CLERK |
| Defendant. | : | |

REPAYMENT AGREEMENT

The parties in the above-captioned matter have consented to the issuance of the following order, NOW, THEREFORE, IT IS ORDERED THAT:

The United States of America, Plaintiff, having entered judgment on August 8, 2000 against Defendant in the sum of $6,775.90, plus interest and costs, and the Defendant, EUGENE M. EBERLY, having consented to make payment, hereby agree as follows:

(1) The United States District Court for the Middle District of Pennsylvania has jurisdiction over the subject matter of this litigation and over all parties thereto.

(2) This Agreement is based upon certain financial information which Defendant has provided to the United States and the Defendant's express representation to the United States that he is presently unable to pay the amount of

indebtedness in full; and the further representation of the Defendant that he will well and truly honor and comply with this Agreement entered herein which provided terms and conditions for the Defendant's payment of the sums owed, together with costs and accrued interest, in regular monthly installment payments, as follows:

(a) interest on said judgment shall accrue at the rate of 6.375 percent;

(b) the Defendant shall make monthly payments to the United States Attorney's Office, 309 Federal Building, Scranton, Pennsylvania 18501, until said judgment is satisfied, with said payments to become due on the 15th day of every month, commencing on **May 15, 2001**. Payments will not be less than **$ 60.00** monthly unless agreed to in writing by all parties and there is no penalty for prepayment. Besides the regular monthly payment, we will submit the debt to the Department of Treasury for inclusion in the Treasury Offset Program. Under this Program, any federal payment normally received may be offset and applied to this debt.

(c) the Defendant shall mail each monthly installment payment as directed on his billing statement.

(d) Each said payment made by Defendant shall be applied in accordance with the U.S. Rule i.e., first to the payment of costs, second to the payment of interest accrued to the date of receipt of said payment, and the balance, if any, to the principal.

(e) should the Defendant's financial situation change so that he cannot

comply with a payment schedule to be determined by the Financial Litigation Unit of the United States Attorney's Office, she shall immediately notify J. Justin Blewitt, Jr. Assistant United States Attorney, or the Financial Litigation Unit of the United States Attorney's Office in writing;

(f). The Defendant shall keep the United States currently informed in writing of any material change in his financial situation or ability to pay, and of any change in his employment, place of residence or telephone number. Defendant shall provide such information to the United States Attorney at the address set forth.

(g) The Defendant shall provide the United States with current, accurate evidence of his assets, income and expenditures (including, but not limited to, his Federal Income tax returns) within fifteen (15) days of the date of a request for such evidence by the United States Attorney.

(3) so long as Defendant complies with the above-stated payment schedule, Plaintiff shall take no action in execution of said judgment;

(4) a ten (10) day period will be allowed for late payments, <u>however</u>, all late payments are subject to an interest charge of 15 percent per annum compounded daily commencing on the date payment is due. In the event that the Defendant fails to make any of the payments specified in this Order by the end of this ten (10) day period, or in the matter required by this Order, the United States may, at its option, declare this

Agreement to be in default, and the full remaining unpaid balance (including all unpaid interest and unpaid principal) shall become immediately due and payable. Interest on said amount shall accrue at the rate of 15 percent per annum compounded daily from the date of default on the full remaining unpaid balance. Default under the terms of this Agreement will entitle the United States to execute on the Judgment without notice to the Defendant.

(5) this Order shall be binding on the heirs, administrators, executors, successors and transferees of the Defendant; and,

(6) all checks in settlement of the above-captioned case shall be made payable to the United States Department of Justice and delivered to the Office of the United States Attorney, Suite 309, Federal Building, North Washington Avenue and Linden Street, Scranton, Pennsylvania, Attention Financial Litigation Unit.

SO ORDERED: _____

U.S. DISTRICT JUDGE

We the undersigned, consent to the entry of the above Order. We represent to the Court that:

This Consent Order contains a complete description of the bargain between the parties. All material representations, understandings and promises of the

FILED
SCRANTON

SEP 2 7 2002

PER _____
DEPUTY CLERK

parties are contained in this Order. Any modifications must be set forth in writing and signed by all parties. The Defendant represents that this Consent Order is entered into with knowledge of the events described herein, and that it is <u>entered into voluntarily</u> without <u>any degree of duress or compulsion whatsoever</u>.

DAVID M. BARASCH
United States Attorney

_____
J. JUSTIN BLEWITT, JR.
Assistant U.S. Attorney
309 Federal Building
Scranton, PA 18501


KAREN M. MUSLOSKI
Paralegal Specialist

_____
EUGENE M. EBERLY, Defendant

5